# **EXHBIT B**

Case 4:22-cv-01635   Document 1-2   Filed on 05/20/22 in TXSD   Page 2 of 16

4/13/2022 4:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63556779
By: Maria Rodriguez
Filed: 4/13/2022 4:25 PM

**2022-22610 / Court: 334**

Cause No. _____

| | | |
|---|---|---|
| **KAREN FRENNY** <br> *Plaintiff* | § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | HARRIS COUNTY, TEXAS |
| **FIESTA MART, LLC** <br> *Defendant* | § <br> § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Karen Frenny ("Plaintiff") and files this Original Petition against Fiesta Mart, LLC ("Defendant") and alleges the following:

### Discovery-Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.3.

### Claim for Relief

2. Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

### Parties

3. Plaintiff is an individual who resides in Houston, Texas and may be served through the undersigned counsel.

4. Defendant is a Texas corporation that may be served with process through its registered agent, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

### Misnomer/Alter Ego

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils," should be pierced to hold such parties properly included in the interest of justice.

## Venue and Jurisdiction

6. The Court has jurisdiction over the Defendant because the Defendant is or was doing business in Texas. This Court also has jurisdiction over the controversy because the damages are above the minimum jurisdictional limits of this Court.

7. Venue is proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because a substantial part of the events or omissions giving rise to the present claims occurred in Harris County, Texas.

## Facts

8. On or about July 24, 2020, Plaintiff visited Defendant's Fiesta Mart grocery store located at 9419 Mesa Drive, Houston, Texas 77028 (the "Premises"). Defendant owns and operates the Premise.

9. Plaintiff visited the Premises as a customer and patron. Plaintiff was an invitee and business patron of the Defendant in that she received an implied invitation, for a mutual benefit, to enter and purchase items at the Premises.

10. While shopping within the Premises, Plaintiff was on the frozen goods aisle attempting to retrieve an item from Defendant's freezers. As Plaintiff placed her foot near the base of the freezer and leaned in to grab an item, her tennis shoe was caught by a sharp piece. As the piece of metal tore into her shoe, Plaintiff was thrown off-balance and fell to the floor.

11. The sharp piece of metal on Defendant's freezer constituted a dangerous condition. Defendant had knowledge of, or in the exercise of ordinary care should have had knowledge of, the sharp piece of metal which created the dangerous condition. Nevertheless, Defendant failed to adequately warn Plaintiff of the dangerous condition, all of which either singularly or collectively caused the accident in question and Plaintiff's resulting injuries.

12. Due to the fall, Plaintiff suffered injuries to various parts of her body which necessitated medical treatment.

13. Due to the unsafe manner in which Defendant operated its Premise, Plaintiff suffered and sustained bodily injuries resulting from the incident described herein.

## CAUSES OF ACTION

### Negligence

14. Paragraphs 1 through 13 are incorporated by reference.

15. Plaintiff was an invitee and business patron of the Defendant in that she received an implied invitation, for a mutual benefit, to enter and be a consumer and patron at the Premises.

16. Defendant is the possessor of the Premise.

17. The sharp piece of metal on the Premises' freezer was a condition of the premises which posed an unreasonable risk of harm as it was not readily apparent to Plaintiff, thus creating a situation where the presence of the sharp piece of metal on the freezer could cause an individual to catch their foot and lose their balance, as occurred in Plaintiff's case.

18. Defendant knew or reasonably should have known of the danger created by this unreasonably dangerous condition. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and/or failing to make the condition reasonably safe.

19. Defendant's breach proximately caused Plaintiff's injuries and damages.

20. Defendant, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question, to wit:

    a. In failing to maintain the Premises in a reasonably safe condition and free of hazards to Plaintiff, and other invitees, entering the premises;

b. In failing to correct the unreasonably dangerous condition which was created by the sharp piece of metal on the freezer of the Premises;

c. In failing to adequately warn invitees, including Plaintiff, of the dangerous conditions of the Premises;

d. In failing to properly inspect the Premises to discover the unreasonably dangerous conditions in question;

e. In failing to properly train agents, servants, and/or employees regarding the proper manner in which to make the Premises reasonably safe;

f. In failing to implement proper policies, rules, and/or procedures to make the Premises reasonably safe;

g. In failing to enforce proper policies, rules, and/or procedures to make the Premises reasonably safe;

h. In failing to properly train employees how to respond to an emergency incident such as the one forming the basis of this lawsuit;

i. In failing to provide a First Aid Kit and/or other appropriate medical equipment for customers and employees to use in case of emergency;

j. In failing to properly supervise employees and adequately staff the facility such that at the time the incident occurred, there was no one working who was adequately trained, prepared, and competent to take appropriate action(s) in response to the incident forming the underlying basis of this suit;

k. In failing to use ordinary care in hiring employees;

l. In failing to take affirmative action to control or avoid increasing the danger from a condition that was at least partially created by Defendant; and

    m. In failing to properly repair and maintain the freezers on the Premises.

21. Each and all of the above foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused this incident, and Plaintiff's injuries and damages.

### Negligent Hiring/Training/Supervision/Retention

22. Defendant negligently hired, supervised, trained, and retained its personnel. As a property owner, Defendant owed a duty to Plaintiff to hire, supervise, train, and retain competent, professional grocery store personnel. Defendant owed said duties to supervise and train grocery store personnel to ensure Plaintiff would be safe while she shopped at the Premises. As described herein, Defendant breached said duties and negligently permitted and/or encouraged its personnel to negligently hire, supervise, train, or retain inadequate grocery store personnel.

23. Additionally, in the absence of Defendant's negligence, the incident would not have occurred. Defendant's breach of said duties was, singularly or in combination with others, the proximate cause of the incident and Plaintiff's damages pled herein.

24. Furthermore, Defendant was careless and negligent in the ownership the Premises which caused Plaintiff to suffer personal injury.

### Respondeat Superior

25. Defendant is legally responsible to Plaintiff for the acts and omissions of its employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency and/or ostensible agency. As a result thereof, Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants and representatives.

## Conditions Precedent

26. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## Damages

27. Plaintiff incorporates Paragraphs 1 through 26 by reference.

28. As a result of the preceding causes of action, Plaintiff has been damaged in the following manner:

    a. Medical, hospital, and pharmaceutical charges and expenses in the past;

    b. Past, present, and future mental anguish;

    c. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

    d. Pain and suffering in the past;

    e. Pain and suffering that, in reasonable probability, will be suffered in the future;

    f. Disability and impairment in the past;

    g. Disability and impairment that, in reasonable probability, will occur in the future;

    h. Lost wages in the past and future; and

    i. Out of pocket expenses related to the incident described herein.

29. Plaintiff has suffered damages from Defendant's negligent conduct described herein. Accordingly, Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

## Jury Demand

30. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## Prayer

31. For these reasons stated herein, Plaintiff asks that the Court issue citation for Defendant to appear and answer and that Plaintiff be awarded a judgment against Defendant for the following:

   a. Medical, hospital, and pharmaceutical charges and expenses in the past;

   b. Past, present, and future mental anguish;

   c. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

   d. Pain and suffering in the past;

   e. Pain and suffering that, in reasonable probability, will be suffered in the future;

   f. Disability and impairment in the past;

   g. Disability and impairment that, in reasonable probability, will occur in the future;

   h. Lost wages in the past and future;

   i. Out of pocket expenses;

   j. Prejudgment and postjudgment interest;

   k. Court costs; and

   l. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

**Bivona Law PLLC**

/s/ Andrew Bivona
Andrew Bivona
State Bar Number: 24092138
1415 Louisiana Street

29th Floor
Houston, Texas 77002
drew@bivonalaw.com
Ph.: 713-360-7596
Fax: 713-742-2041
**Attorney for Plaintiff**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paula Gomez on behalf of Andrew Bivona
Bar No. 24092138
paula@bivonalaw.com
Envelope ID: 63556779
Status as of 4/13/2022 4:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Andrew Bivona | | drew@bivonalaw.com | 4/13/2022 4:25:48 PM | SENT |
| Paula Gomez | | paula@bivonalaw.com | 4/13/2022 4:25:48 PM | SENT |

CAUSE NO. 202222610

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 928128  TRACKING NO: 73994919
EML

| Plaintiff: | In The 334th |
| --- | --- |
| FRENNY, KAREN | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FIESTA MART LLC | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To: FIESTA MART LLC (A TEXAS CORPORATION) MAY BE SERVED THROUGH ITS
REGISTERED AGENT C T CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900, DALLAS TX 75201
OR WHEREVER ELSE IT MAY BE FOUND

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on April 13, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on April 19, 2022, under my hand and seal of said court.



*Marilyn Burgess*

Issued at the request of:

BIVONA, ANDREW MICHAEL
1415 LOUISIANA STREET, 29TH
FLOOR
HOUSTON, TX 77002
(713) 360-7596
Bar Number: 24092138

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002

(PO Box 4651, Houston, Texas 77210)

Generated By:MARIA RODRIGUEZ

EML

Tracking Number: 73994919

## CAUSE NUMBER: 202222610

| | |
|---|---|
| PLAINTIFF: FRENNY, KAREN | In the 334th |
| vs. | Judicial District Court of |
| DEFENDANT: FIESTA MART LLC | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____. County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____            By_____
          Affiant                                                      Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

Case 4:22-cv-01635   Document 1-2   Filed on 05/20/22 in TXSD   Page 13 of 16

5/5/2022 2:40 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64233325
By: Jennifer Ochoa
Filed: 5/5/2022 2:40 PM

CAUSE NO.2022-22610

| | | |
|---|---|---|
| KAREN FRENNY<br>　　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§<br>§ | 334RD   JUDICIAL DISTRICT |
| FIESTA MART, LLC<br>　　　Defendant | §<br>§ | HARRIS COUNTY, TEXAS |

## DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1. Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.   Affirmative Defenses

2. Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3. Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4. Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5. Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6. Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7. To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8. Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1. Dismisses all claims against Defendant FIESTA MART, LLC and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2. Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:

   a. Costs of suit; and

b.  Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

>Respectfully submitted,
>MEHAFFYWEBER, P.C.
>
>By:/s/Maryalyce W. Cox
>Maryalyce W. Cox
>State Bar No. 24009203
>One Allen Center
>500 Dallas, Suite 2800
>Houston, Texas  77002
>Telephone  - (713) 655-1200
>Telecopier  - (713) 655-0222
>maryalycecox@mehaffyweber.com
>
>ATTORNEY FOR DEFENDANT
>FIESTA MART, LLC.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on May 5, 2022, pursuant to the Texas Rules of Civil Procedure.

>*Maryalyce W. Cox*
>Maryalyce W. Cox

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 64233325
Status as of 5/5/2022 2:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Andrew Bivona | | drew@bivonalaw.com | 5/5/2022 2:40:33 PM | SENT |
| Paula Gomez | | paula@bivonalaw.com | 5/5/2022 2:40:33 PM | SENT |
| Carmen Garcia | | edocket@mehaffyweber.com | 5/5/2022 2:40:33 PM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 5/5/2022 2:40:33 PM | SENT |
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 5/5/2022 2:40:33 PM | SENT |